In the Matter of ROGER BERGER et al., Appellants, v RODERICK G. W. CHU, as Commissioner of the Department of Taxation and Finance and as President of the Tax Commission of the Department of Taxation and Finance of the State of New York, et al., Respondents.

Third Department, February 28, 1985

**APPEARANCES OF COUNSEL**

*Elsen & Fields* (*Samuel Fields* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*John Q. Driscoll* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

MAHONEY, P. J.

The facts are essentially undisputed. Each of the four petitioners was employed on a permanent status in the position of excise tax investigator with respondent State Department of Taxation and Finance. By letters dated April 12, 1983, respondent Roderick G. W. Chu, Commissioner of the State Department of Taxation and Finance, notified petitioners that their positions were

being abolished and that their services would be terminated on May 4, 1983. Respondents D. McCarthy, T. A. Longobardi, F. F. Mooney and H. D. Finnigan were also employed as excise tax investigators at the time petitioners were terminated. These employees were retired from the New York City Police Department before being employed with respondent Department. Since respondent employees had a higher seniority status than petitioners, they were retained when petitioners' services were terminated.

Petitioners instituted this CPLR article 78 proceeding seeking reinstatement on the ground that respondent employees were provisional employees because of their previous retirement from public service and, therefore, should have been terminated before petitioners, who enjoyed permanent employee status. Respondents moved to dismiss the petition on the grounds that petitioners failed to exhaust administrative remedies available to them and that petitioners failed to join indispensable parties as respondents. Special Term denied the motion and ordered respondents to answer. After issue was joined, respondents filed an affidavit and moved anew to dismiss the petition. Special Term concluded that petitioners had been properly terminated due to their inferior seniority status and dismissed the petition. This appeal ensued.

While petitioners' contention that respondent employees must be terminated because they are provisional employees is without merit in the absence of any allegation that such employees did not hold permanent appointment at the time petitioners were terminated, they are correct in their position that a retiree from public service must either suspend collection of his retirement benefits (Civil Service Law § 150) or meet certain requirements to be approved for collection of retirement benefits when reemployed in public service (Retirement and Social Security Law § 211). Petitioners allege in their petition that respondent employees did not meet the criteria necessary for approval as required by Retirement and Social Security Law § 211. By denying this allegation in their answer, respondents created an issue of fact which the record reveals was not resolved at Special Term. Respondents presented no evidence, documentary or otherwise, that respondent employees suspended their pensions so as to qualify automatically as permanent employees (Civil Service Law § 150), or that they met the requirements of Retirement and Social Security Law § 211 (2) so as to qualify for retirement benefits while continuing to work in a permanent status as a retiree. If respondent employees were receiving retirement benefits and were not properly approved to do so

pursuant to Retirement and Social Security Law § 211 (2) at the time petitioners were terminated, they could not obtain such approval since petitioners would be readily available for recruitment as persons qualified to perform the duties of excise tax investigators under that section (*see,* Retirement and Social Security Law § 211 [2] [b] [3]).

Thus, resolution of the issue of whether petitioners were wrongfully terminated turns on the question of whether respondent employees had voluntarily suspended their pensions while working as excise tax investigators or had qualified to continue to collect retirement benefits while so employed. We cannot accept respondents' conclusory statement in their brief, or Special Term's reliance thereon, that "[r]etired persons who are appointed to permanent positions in the competitive class from an eligible list, upon completion of a probationary term, acquire all the benefits of permanent competitive class status" without some evidence that such retirees met the statutory requirements entitling them to such protection.

MAIN, CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Decision withheld, and matter remitted to Special Term for further proceedings not inconsistent herewith.