◼ In the Matter of ROGER BERGER et al., Appellants, v RODERICK G. W. CHU, as Commissioner of the Department of Taxation and Finance and as President of the Tax Commission of the Department of Taxation and Finance of the State of New York, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered April 10, 1984 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondents to reinstate petitioners to their positions as excise tax investigators in the State Department of Taxation and Finance.

Each of the four petitioners was employed, in permanent status, as an excise tax investigator for the State Department

of Taxation and Finance. Four individuals (hereinafter respondents) who were also employed in the same position were retired New York City policemen. In May of 1983, the Department determined that the positions of a number of excise tax investigators had to be terminated. Having concluded that respondents had seniority, the Department notified petitioners that their positions would be terminated. Petitioners commenced this CPLR article 78 proceeding seeking reinstatement on the ground that respondents were provisional employees due to their status as retired employees and that, therefore, petitioners had seniority. Special Term dismissed the petition and petitioners appealed to this court. By decision dated February 28, 1985, this court withheld decision and remitted the matter to Special Term for resolution of a factual issue (107 AD2d 111). The parties subsequently stipulated to certain facts and resubmitted the matter to this court.

Generally, where a retired employee becomes reemployed in public service, he must suspend collection of his retirement benefits (Civil Service Law § 150). There are several exceptions, one of which is set forth in Retirement and Social Security Law § 211. That statute provides, in pertinent part, that a retired individual who becomes reemployed in public service may continue to collect retirement benefits upon the approval of the State Civil Service Commission (Retirement and Social Security Law § 211 [2] [b]). When this appeal was originally before us, we rejected petitioners' contention that respondents were provisional employees by virtue of the fact that they were retired employees who had been reemployed. However, we noted that there was a question of fact as to whether respondents had either suspended collection of their retirement benefits or had been approved by the Civil Service Commission to continue receiving retirement benefits while reemployed. We further noted that had neither of these conditions been met, respondents' employment may have been without authority.

Upon reviewing the stipulation, it is apparent that in 1973 the Civil Service Commission did approve the reemployment of respondents without suspension of retirement benefits, pursuant to Retirement and Social Security Law § 211. Such approval was renewed until January 1976 and again until January 1977. While such approval may have lapsed at that time, in May 1984 the Civil Service Commission again granted approval, retroactively to January 1977. Thus, at the time involved herein, respondents were properly reemployed. On this appeal, we are not concerned with the propriety of the

approval by the Civil Service Commission or whether it properly granted approval retroactively. Such approval had nothing to do with respondents' right to be reemployed, but only dealt with the issue of whether they could continue to receive retirement benefits, a matter which was of concern only to respondents, the Department of Taxation and Finance and the Civil Service Commission. Therefore, petitioners' contention is without merit and the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.